## Ex parte FRANK WILLIAMS.

[APPLICATION FOR MANDAMUS.]

1. *Mandamus; when will not issue.*—A mandamus will not be issued to set aside an order dismissing a suit, under military orders 3, 7, and 45, brought against a military officer, for an act done in the discharge of

his duties as such officer; said orders are peremptory, and require such suits to be at once dismissed.

APPLICATION by Frank Williams for a *mandamus* to the circuit court of Montgomery, Hon. George Goldthwaite presiding, " to compel said court to vacate and set aside an order made by said court, dismissing a certain suit therein pending, wherein Frank Williams was plaintiff, and Wager Swayne was defendant, and taxing said Williams with costs."

From the transcript in said cause, upon which this application was based, it appears that Frank Williams brought an action of trespass against Wager Swayne, at the January term, 1868, of the Montgomery circuit court, for assault and battery, and false imprisonment, suing for one hundred thousand dollars as damages.

The complaint was duly served, and on the 12th day of February, the defendant appeared in court, by his attorneys, and made the following motion :

" Frank Williams }    Circuit Court, Montgomery, January
    *vs.*        }  term, 1868.   Motion is hereby made to
Wager Swayne. }  dismiss the above entitled suit, the same having been brought against the defendant for an alleged offense in the imprisonment of the plaintiff, by the said defendant, in the State of Alabama, which act was done by the defendant as an officer of the army of the United States, the said defendant then being in the military command of the State of Alabama, by the order of the President of the United States of America, and charged, among other things, with preserving peace and order in said State, and of protecting the lives and property of its citizens, which said act, as such military officer, this defendant did in the performance of his authority as such officer.   And he brings to the knowledge of this honorable court, the military orders hereto attached, and prays that under said orders, said suit be dismissed."

The following are the military orders referred to :

" HEADQUARTERS THIRD MILITARY DISTRICT,
Department of Georgia, Florida, and Alabama,
Atlanta Ga., January 11, 1868.

*General Orders, No. 7.*

With a view to prevent interference, under the color of State authority, with the exercise of military authority in the States comprising this district, the following order of the war department, and that from these headquarters, providing for its enforcement, are published for the information and guidance of all concerned. Any civil officer of the existing State governments disregarding or violating the provisions of these orders, will, upon a proper representation of the facts of the case to these headquarters, be removed from his position.

WAR DEPARTMENT, Adjutant General's Office,
Washington, January 12, 1866.

*General Orders, No. 3.*

Military, division, and department commanders, whose commands embrace, or are composed of any of the late rebellious States, and who have not already done so, will at once issue and enforce orders protecting from prosecution or suits, in the State or municipal courts of such States, all officers and soldiers of the armies of the United States, and all persons thereto attached, or in any wise thereto belonging, subject to military authority, charged with offenses for acts done in their military capacity, or pursuant to orders from proper military authority; and to protect from suit, or prosecution, all loyal citizens or persons, charged with offenses done against the rebel forces, directly or indirectly, during the existence of the rebellion, and all persons, their agents, or employees, charged with the occupancy of abandoned lands or plantations, or in the possession or custody of any kind of property whatever, who occupied, used, possessed, or controlled the same, pursuant to the order of the President, or any of the civil or military departments of the government, and to protect them from any penalties or damages that may have been, or may be pronounced or adjudged in said courts, in any of such cases; and also protecting

Ex parte Frank Williams.

colored persons from prosecutions in any of said States, charged with offenses, for which white persons are not prosecuted or punished in the same manner and degree.

By command of Lieut. Gen. GRANT.

E. D. TOWNSEND, Assistant Adjutant General.

" HEADQUARTERS THIRD MILITARY DISTRICT,
Georgia, Alabama and Florida,
Atlanta, Ga., August 2, 1867.

*General Orders, No. 45.*

No civil court of any of the States within this military district, will hereafter entertain any action whatever, against officers or soldiers, or any other persons, for acts performed in accordance with orders from the military authorities, or by their sanction ; and all such suits now pending, or in which costs have not been collected, will be at once dismissed.

This order will be strictly enforced by the post and detachment commanders in this military district, and such officers will make immediate reports to these headquarters of any judge or other civil authority, who attempts to disobey this order.

By command of Brevet Major General POPE.

G. K. Sanderson, Capt. 33d U. S. Infantry, A. A. A. G."

Plaintiff's attorney entered upon the back of said paper, the following admission in writing : " For the purposes of this motion, the plaintiff admits the matters within stated."

The court sustained the motion, ordered the suit dismissed, and taxed the plaintiff with costs ; to which rulings and judgment of the court, the plaintiff excepted.

JOHN T. MORGAN, *pro motion.*

[No brief came into the hands of the reporter.]

PECK, C. J.—We have examined the motion to dismiss the suit brought against General Swayne, by the said Williams ; the military orders on which the motion in the circuit court of Montgomery, to dismiss said suit was

based, and the consent and admission of the attorney of the said Williams, in that suit. The suit was for an alleged assault and battery, and false imprisonment of the said Williams by said Swayne. The act complained of, was done by said Swayne, as a military officer in the military service of the United States, and in the discharge of his duties as such officer. The orders are peremptory, and require such suits to be *at once* dismissed. We do not see how the circuit court could have refused to dismiss the said suit, without coming into immediate conflict with said orders. The court was, therefore, right in dismissing the suit, and, consequently, the application for a *mandamus*, to have the order dismissing the same set aside, must be overruled.

Let the application for a *mandamus* be overruled, at the costs of the applicant.